UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BETHANY ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:09CV00046LMB |
| | ) |
| PRIME TRANSPORT INC., and | ) |
| JAMES PARISH, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the court is defendants' Motion to Strike Plaintiff's First Request for Production of Documents Directed to Prime Transport Inc. and James Parish. (Doc. No. 10). Plaintiff has filed a Response. (Doc. No. 13).

In their motion, defendants state that plaintiff has directed 101 requests for production to Defendant James Parish and 101 requests to Defendant Prime Transport Inc, for a total of 202 requests for production. Defendants argue that plaintiff's requests for production are oppressive and burdensome, and are in complete contravention of the spirit of the Case Management Order entered by the court on July 28, 2009. Defendants contend that the requests for production request information that will lead to a "fishing expedition," and is in complete contravention to the purpose of federal discovery. Defendants thus request that the court strike plaintiff's First Request for Production of Documents and amend the Case Management Order to limit both parties' requests for production of documents to a reasonable number.

In her Response to defendants' motion to strike, plaintiff notes that there is no provision in the court's Case Management Order that places limits on requests for production. Plaintiff states that she has propounded 101 requests for production to the defendants jointly, not each defendant

severally as defendants allege. Plaintiff contends that each of her requests for production are detailed and relevant to the counts alleged in her Complaint. Plaintiff notes that the majority of her requests cite the actual Federal Motor Carrier Safety Regulations that apply to defendants. Finally, plaintiff contends that defendants' motion to strike is procedurally improper, as a party served with a document request must serve a written response or move for a protective order under Rule 26(c).

Federal Rule of Civil Procedure 12(f) provides as follows: "[t]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a party's pleadings is an extreme measure and motions to strike under Rule 12(f) are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

General discovery provisions are governed by Rule 26, which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents, or any other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b)(1). District Courts are accorded wide discretion in dealing with discovery matters. See Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988). Moreover, "[d]iscovery rules are to be 'broadly and liberally construed' in order to serve the purpose of discovery which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." Gladfelter v. Wal-Mart Stores, Inc., 162 F.R.D. 589, 590 (D. Neb. 1995). See also Rolscreen Co. v. Pella Products of St. Louis, Inc., 145 F.R.D. 92, 95 (S.D. Iowa 1992) ("The spirit of Rule 26 (a) of the Federal Rules of Civil Procedure is that discovery be self-effectuating, without need to resort to the court, and that its scope be liberal, extending to all matters reasonably calculated to lead to admissible evidence").

Rule 26(c) authorizes entry of a protective order upon a party or by the person from whom discovery is sought when good cause is shown. "Good cause" exists when justice requires the protection of "a party or a person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The undersigned finds that defendants' motion to strike lacks merit. As plaintiff points out, the court's Case Management Order does not impose any limitation on the number of requests for production of documents. The scope of Federal Rule of Civil Procedure 26 is liberal, extending to all matters reasonably calculated to lead to admissible evidence. The undersigned has reviewed plaintiff's First Request for Production of Documents and finds that plaintiff's requests are reasonable and are relevant to plaintiff's action. Further, defendants' motion to strike is procedurally improper. Motions to strike are only properly directed at pleadings. The proper means to challenge discovery requests is by filing a motion for a protective order. Defendants have failed to demonstrate "good cause" required for the entry of an order of protection. Thus, defendants' motion to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Strike Plaintiff's First Request for Production of Documents Directed to Prime Transport Inc. and James Parish (Doc. No. 10) be and it is **denied**.

Dated this 4th day of September, 2009.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE